UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GOBIN  RAMROOP, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-0449 |
| | § | |
| WILLIAM  STEPHENS, Director, TDCJ-ID | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

### I.

Before the Court are the petitioner's, Gobin Ramroop, Petition for Writ of Habeas Corpus Relief (Docket Nos. 1 and 2), pursuant to 28 U.S.C. § 2254 and the respondent's, William Stephens, Director, Texas Department of Criminal, Correctional Institution Division ("TDCJ-ID") Response/Motion for Summary Judgment (Docket No. 19).  The petitioner also filed a Response in Opposition to TDCJ-ID's Motion for Summary Judgment and a Notice of Amendment (Docket Nos. 22 and 23).  The Court entered an Order permitting the petitioner an extension of time to file a response (Docket No. 24); however, no additional response has been filed.  Therefore, after a careful review of the pleadings, motion and response on file, the Court is of the opinion that TDCJ-ID's motion for summary judgment should be granted.

### II.

The petitioner was indicted out of the 56th Judicial District Court of Galveston County, Texas for the offense of "Stalking."  He had been previously convicted of a felony which had the effect of enhancing the Stalking offense to a second degree felony.  A jury convicted the petitioner for committing the offense and, after pleading "true" to the

enhancement allegation, the petitioner was sentenced to 14 years confinement in TDCJ-ID on September 7, 2010.

The state Court of Appeals affirmed the conviction. *Ramroop v. State*, 01-10-00887-CR, 2012 WL 1649890 (TEX. APP. – Houston [1st Dist.] May 10, 2012, pet. ref'd Dec. 19, 2012). The Texas Court of Criminal Appeals refused to review the Court of Appeals decision and the United States Supreme Court denied *certiorari* review on October 7, 2013. *See Ramroop v. Texas*, 134 S. Ct. 74 (2013). On September 20, 2014, while the petitioner's case was pending on appeal, between the state Court of Appeals and the Texas Court of Criminal Appeals, the petitioner filed his application for a state writ of habeas corpus. The state writ was dismissed on November 7, 2012, due to the fact that he had a direct appeal pending. On June 12, 2013, the petitioner filed a second habeas application. It too was denied without a written order on September 25, 2013, in spite of the fact that his writ of *certiorari* was still pending before the Supreme Court. The petitioner timely filed his federal writ for habeas relief on December 11, 2013.

## III.

The TDCJ-ID has outlined what appears to be a fair statement of contentions presented in the petitioner's various pleadings. The Court is of the opinion that no improvement is necessary. The petitioner contends:

1.      He is actually innocent.

2.      His instant conviction required relitigating a prior conviction in violation of the double jeopardy clause. Further, the State's indictment failed to vest the trial court with jurisdiction because the enhancement alleges too old a (sic) prior conviction.

3.     The State's enhancement resulted in cruel and unusual punishment.  Further, the State lacked territorial jurisdiction because "an element of the charged offense did not occur inside the State of Texas."

4.     He was illegally arrested because there was not probable cause for an arrest warrant.

5.     Evidence was obtained through illegal search and seizure.

6.     Prosecutorial misconduct occurred because the State brought the instant case without an affidavit from the victim, and the "[i]nformation will not support conviction."

7.     Trial counsel was ineffective for suggesting that he not testify at trial and for not calling him as a witness.

8.     Law enforcement's instruction that he and the victim keep away from each other was racially motivated.

9.     The trial court cannot exercise jurisdiction over Indians.

10.    The indictment is invalid because the grand jury was convened without an affidavit from the complainant.

11.    He did not have contact with the victim, and there is no established crime scene.

12.    There is no proof of a complete offense having occurred in the "county where venue is laid."

13.    The trial court lacked "geographical" or "legislative" jurisdiction.

14.    The State of Texas has not met its burden of proof.

## IV.

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant bears the initial burden of "informing the Court of the basis of its

motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]/'" *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of a

material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Bourdreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.

The Court understands that the petitioner is challenging the sufficiency of the evidence. He argues that the evidence is legally insufficient to support a conviction and judgment. The Court of Criminal Appeals denied the petitioner's habeas application without issuing a written order. This treatment signals that the petitioner's sufficiency of the evidence claim is not cognizable on a state writ. *See Exparte Grigsby*, 137 S.W.3d 673 (Tex. Crim. App. 2004). The Fifth Circuit Court of Appeals treats the state's procedural bar as also barring federal review. *See West v. Johnson*, 92 F.3d 1385, 1398 (5th Cir. 1996). Therefore, the petitioner's sufficiency of the evidence claim(s) fail in the face of the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254(d).

The petitioner also asserts that he is actually innocent.  That claim is not cognizable as a federal habeas review point because it is based in, or arises out of, his claim of insufficiency of the evidence.  Hence, this claim fails on that basis.  *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

In claims two and three the petitioner asserts that a prior conviction was prejudicial because it was offered during the guilt-innocence phase of the trial.  The record shows that the petitioner pled true to the enhancement that he now complains about.  He cannot relitigate that crime or the circumstances under which he pled to it in his criminal case. These claims are waived.  *See Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995).

The petitioner also challenges the state's indictment and jurisdiction over him as a native American.  *See* [Claims 3, 6, 9, 10, 12, and 13].  He claims that the state indictment fails to confer jurisdiction on the state, it is insufficient and fails to state a crime, that no valid complaint was on file supporting the indictment, and to proceed under a defective indictment constitutes prosecutorial misconduct.  These claims relate to the sufficiency of the indictment.  Unless the indictment fails to sufficiently state a crime, and thereby deprive the state court of jurisdiction, it is not a cognizable federal writ claim.  Here, the highest state court has found the indictment sufficient to vest the trial court with jurisdiction; therefore, the federal court is deprived of review authority.  *See McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).

In claims four and five, the petitioner challenges the basis for his arrest asserting that no probable cause existed and any search and seizure was illegal.  These are Fourth Amendment claims that find no support in the record or under federal habeas review authority.  The petitioner has had a full and fair opportunity to present these claims before a

state tribunal.  Where the opportunity to present Fourth Amendment claims to a state tribunal has occurred, a petitioner cannot raise those same claims on federal habeas review.  *Stone v. Powell*, 428 U.S. 465, 490 (1976).

In claims eight and eleven, the petitioner argues that law enforcement's directive to them to stay away from each other was racially or tribally motivated and, even if they did not, the evidence fails to establish a specific crime scene.  The second claim fails because it raises a sufficiency of the evidence challenge.  That challenge has been addressed already and will not be revisited.  The first of the claims, claim eight, is not supported by the evidence.  Except for the petitioner's assertions that he and the victim are of different ethnicities, no evidence in the record or proffered supports the claim.  It, too, is a sufficiency of the evidence claim and fails for the reasons previously stated.

Finally, the petitioner asserts that his attorney was ineffective when he suggested that he not testify in his case and for failing to call witnesses.  The petitioner establishes ineffective assistance of counsel by demonstrating that his counsel's performance was deficient and that the deficiency prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The record shows that trial counsel advised the petitioner that to testify would open him to cross examination by the prosecutor.  The questions and his answers could unfavorably harm his case.  He chose not to testify following the advice of his counsel.  His decision not to testify was confirmed by the trial court.  As well, the state's highest court made a credibility determination in favor of trial counsel on this very claim.  A presumption of correctness is attributed to a favorable finding of this nature, particularly where the record sufficiently supports that finding.  Such is the case here.  The petitioner has failed to show

that the appellate court's decision is an unreasonable application of clearly established federal law.  Therefore, the Court overrules this claim because the record fails to establish the first prong of the *Strickland* standard.

## VI.

The Court is of the opinion and holds that the TDCJ-ID's Motion for Summary Judgment should be, and it is hereby, **GRANTED**.

SIGNED on this 30th day of March, 2015.

_____
Kenneth M. Hoyt
United States District Judge